WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Benge, | No. CV-19-01187-PHX-MTL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Wexford Health, et al., | |
| Defendants. | |

Plaintiff Robert Joseph Benge, who was previously confined in the Arizona State Prison Complex-Florence, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are Defendant Wexford's Motion to Dismiss for Failure to Prosecute (Doc. 35) and Motion for Summary Disposition (Doc. 37).

**I.  Background**

Upon screening Plaintiff's First Amended Complaint (Doc. 10) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendants Wexford and Corizon in Counts One and Three and ordered them to answer. (Doc. 11.)

In an Order issued August 29, 2019, the Court noted that Plaintiff was released from prison on August 9, 2019 and directed Plaintiff to either pay the balance of the $350 filing fee or file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 16.)

On October 9, 2019, the Court issued a Scheduling Order setting an Initial Disclosure deadline of November 7, 2019, a deposition deadline of January 6, 2020, and

a discovery deadline of February 5, 2020. (Doc. 29.)

On October 18, 2019, Magistrate Judge Camille D. Bibles issued a Report and Recommendation (R&R) recommending that this action be dismissed due to Plaintiff's failure to pay the filing fee or file the non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 32.) On November 4, 2019, Plaintiff filed a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 33.) As such, on November 26, 2019, Magistrate Judge Bibles withdrew the October 18, 2019 R&R and granted Plaintiff's non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 34.)

On December 18, 2019, Defendant Wexford filed a Motion to Dismiss for Failure to Prosecute. (Doc. 35.) Plaintiff did not file a Response, although he was informed of his right and obligation to do so, and he was that failure to respond may be construed as consent to the Motion and could result in dismissal of this action with prejudice pursuant to Local Rule of Civil Procedure 7.2(i). (Doc. 36.) In light of Plaintiff's failure to respond, Defendant Wexford subsequently moved for summary disposition of its Motion to Dismiss. (Doc. 37.)

**II.      Motion to Dismiss**

In the Motion to Dismiss, Defendant Wexford asserts that on September 26, 2019, it propounded Requests for Production of Documents upon Plaintiff seeking HIPAA releases to obtain and disclose Plaintiff's prison medical records, prison institutional records, and medical and billing records from LabCorp. (Doc. 35 at 2.) Defendant Wexford argues that Plaintiff never provided an Initial Rule 26(a) Disclosure Statement and never responded to Defendant Wexford's Requests for Production and both deadlines have expired. (*Id.* at 3.)

On November 14, 2019 counsel for Defendant Wexford sent Plaintiff a letter stating that Plaintiff's initial disclosure statement and discovery responses were past due and requesting receipt by November 22, 2019. (*Id.* at 3; Doc. 35-1 at 18 (Def.'s Ex. C).) To date, Plaintiff has not responded to defense counsel's letter, provided an initial

disclosure statement, or responded to Defendant Wexford's Requests for Production. (*Id.*)

**III. Discussion**

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides for sanctions, including dismissal, for a party's failure to obey an order to provide or permit discovery. Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). The standards governing dismissal for failure to comply with a court order are basically the same under either Rule 37(b) or Rule 41(b). *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff has

failed to participate in discovery and apparently has stopped prosecuting this case. Plaintiff failed to heed the Court's warnings that if Plaintiff failed to respond to Defendant Wexford's Motion to Dismiss, this action could be dismissed. The Court and Defendants cannot continue to litigate this case without Plaintiff's participation. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will dismiss this action without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Wexford's Motion to Dismiss for Failure to Prosecute (Doc. 35) and Motion for Summary Disposition (Doc. 37).

(2) Defendant Wexford's Motion to Dismiss for Failure to Prosecute (Doc. 35) is **granted**.

(3) The First Amended Complaint (Doc. 10) and this action are **dismissed without prejudice** pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure.

(4) Defendant Wexford's Motion for Summary Disposition (Doc. 37) is **denied as moot**.

(5) The Clerk of Court must terminate the action and enter judgment accordingly.

Dated this 6th day of February, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge