WO                                                                                          SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Benge, | No. CV 19-01187-PHX-MTL (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Wexford Health, et al., | |
| Defendants. | |

Plaintiff Robert Joseph Benge, who was previously confined in the Arizona State Prison Complex-Florence, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 41).

**I.     Background**

Upon screening Plaintiff's First Amended Complaint (Doc. 10) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an Eighth Amendment medical care claim against Defendants Wexford and Corizon in Counts One and Three and ordered them to answer. (Doc. 11.)

In an Order issued August 29, 2019, the Court noted that Plaintiff was released from prison on August 9, 2019 and directed Plaintiff to either pay the balance of the $350 filing fee or file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 16.)

On October 9, 2019, the Court issued a Scheduling Order setting an Initial Disclosure deadline of November 7, 2019, a deposition deadline of January 6, 2020, and a

discovery deadline of February 5, 2020. (Doc. 29.)

On October 18, 2019, Magistrate Judge Camille D. Bibles issued a Report and Recommendation (R&R) recommending that this action be dismissed due to Plaintiff's failure to pay the filing fee or file the non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 32.) On November 4, 2019, Plaintiff filed a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 33.) As such, on November 26, 2019, Magistrate Judge Bibles withdrew the October 18, 2019 R&R and granted Plaintiff's non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 34.)

On December 18, 2019, Defendant Wexford filed a Motion to Dismiss for Failure to Prosecute. (Doc. 35.) Plaintiff did not file a Response, although he was informed of his right and obligation to do so, and he was that failure to respond may be construed as consent to the Motion and could result in dismissal of this action with prejudice pursuant to Local Rule of Civil Procedure 7.2(i). (Doc. 36.) In light of Plaintiff's failure to respond, Defendant Wexford subsequently moved for summary disposition of its Motion to Dismiss. (Doc. 37.)

In a February 7, 2020 Order, the Court granted Defendant Wexford's Motion to Dismiss and terminated the action due to Plaintiff's failure to prosecute the case or respond to the Court's Order. (Doc. 38.) Plaintiff now asks the Court to reconsider the February 7, 2020 Order dismissing the action. (Doc. 41.)

**II.     Governing Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels*

1  *Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not
2  be used to raise arguments or present evidence for the first time when they could reasonably
3  have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d
4  877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument
5  previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers*
6  *Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III. Analysis**

In his Motion, Plaintiff asserts that he did not receive a copy of Defendant Wexford's Motion to Dismiss until January 7, 2020 and that he did not file a response to the Motion because on January 27, 2020, Wexford defense counsel's secretary advised him that defense counsel intended to withdraw the Motion to Dismiss. (Doc. 41 at 1.) Plaintiff blames his failure to respond defense counsel and argues that "Wexford failed to prosecute and/or communicate with . . . Plaintiff." (*Id.*)

The Court is not persuaded by Plaintiff's arguments. Plaintiff admits that he received a copy of Defendant Wexford's Motion to Dismiss on January 7, 2020. (*Id.*) At that point, Plaintiff still had until January 17, 2020 to file a timely response, but he failed to do so. Plaintiff does not explain why he failed to file a response as soon as he became aware of the Motion to Dismiss, and he does not explain why he did not seek an extension of the response deadline. By the time Plaintiff allegedly spoke with defense counsel's secretary on January 27, 2020, Plaintiff's time to respond to the Motion to Dismiss had already passed—without Plaintiff seeking an extension of the deadline—so Plaintiff's reliance on the secretary's assertions is unfounded. Plaintiff's attempts to blame defense counsel and Defendant Wexford for his failure to comply with the Court's Order is not well-taken. It is Plaintiff's responsibility to prosecute this action, to diligently pursue his claims, and to comply with the Court's Orders and deadlines. After considering Plaintiff's Motion for Reconsideration, the Court finds that Plaintiff has failed to show that there is newly discovered evidence, a change in the law, or that the Court's decision was manifestly unjust. Therefore, Plaintiff's Motion for Reconsideration will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to the Motion for Reconsideration (Doc. 41).

(2) The Motion for Reconsideration (Doc. 41) is **denied**.

Dated this 16th day of March, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge